

HORACE W. GREEN, SBN 115699
hgreen@brotherssmithlaw.com
BROTHERS SMITH LLP
2033 N. Main Street, Suite 720
Walnut Creek, California 94596
Telephone: 925 944 9700
Facsimile: 925 944 9701

Attorneys for Plaintiff
HORACE W. GREEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HORACE W. GREEN,

Plaintiff,

v.

SEYFARTH SHAW LLP RETIREMENT PLAN FOR PARTNERS; SEYFARTH SHAW LLP 401(K) SAVINGS AND RETIREMENT PLAN,

Defendants.

Case No.

**COMPLAINT FOR ERISA PLAN BENEFITS (29 U.S.C. § 1132)**

Plaintiff Horace W. Green complains and alleges as follows:

**SUMMARY OF CLAIM**

1. This is an ERISA action seeking clarification of entitlement to, and recovery of, ERISA plan benefits. Plaintiff is a former participant in an ERISA plan who is informed and believes that he has vested plan benefits. Additionally, the Plan has failed and refused to respond to Plaintiff's requests for information, thereby forcing Plaintiff to being this action in order to determine and clarify his right to such benefits.

**JURISDICTION AND VENUE**

2. This is an Action brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and more particularly for relief under ERISA

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

§ 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). This Court has original federal jurisdiction pursuant to 28 U.S.C. § 1331 and ERISA.

3. The Northern District of California has personal jurisdiction because Seyfarth Shaw LLP, the Plan Sponsor of Defendants, is doing business in this District, and because many of the acts alleged herein occurred in this District and gave rise to the claims alleged.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because Defendants may be found in this District and because many of the actions giving rise to the claims presented in this Complaint occurred in this District.

**PARTIES**

5. Effective March 1, 1975, Seyfarth Shaw LLP created Defendant SEYFARTH SHAW LLP RETIREMENT PLAN FOR PARTNERS ("the Plan"). The Plan was and is an employee benefit plan within the meaning of ERISA Section 2(3), 29 U.S.C. § 1002(3). Plaintiff is informed and believes, and based thereon alleges, that Seyfarth Shaw LLP ("the Firm") is the Plan sponsor as defined under 29 U.S.C. § 1002(16)(B). The Plan existed continuously until August 29, 2017, when it was merged into Defendant SEYFARTH SHAW LLP 401(K) SAVINGS AND RETIREMENT PLAN.

6. Plaintiff HORACE W. GREEN ("Green") is an individual and a former employee of The Firm. Green was also a Plan participant. At all times relevant hereto, Green has resided within this judicial District.

**GENERAL FACTS AND ALLEGATIONS**

7. On or about January 1, 1990, the firm hired Green as an associate attorney. On or about January 1, 1992, Green became an equity partner. Effective January 1, 1993, Green became a participant in the Plan.

8. The Plan is a defined contribution plan covering all partners, as defined, of the Firm; attorneys employed by the Firm in an Of Counsel capacity (excluding hourly Of Counsel attorneys); and certain officers. It is subject to the provisions of the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA"). The Firm makes an annual contribution on behalf of each participant who is employed at the end of each calendar year.



BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

9. Plan participants are fully vested in the Firm's contributions after five (5) years of Service. Participants are also 100% vested upon retirement, death, or disability.

10. Green resigned from the Firm effective December 31, 2000.

11. In July 2021, Green received from the Social Security Administration a document entitled "Potential Private Retirement Benefit Information." A copy of that document with social security information redacted is attached as Exhibit "A" hereto. In this document, the Social Security Administration stated that Green had earned retirement benefits although no longer employed in a job covered by the retirement plan ("deferred vested benefits"). The Social Security Administration stated that in 2002, the Plan had reported deferred vested benefits for Green in the amount of $194,750. The Plan reported that the type of benefit was a single payment of a lump sum. The Social Security Administration advised that if Green wanted to apply for these retirement benefits or had any questions, Green should contact the Plan.

12. By letter dated July 8, 2021, Green contacted the Plan and submitted a claim for benefits. A copy of the letter is attached as Exhibit "B" hereto.

13. By letter dated September 21, 2021, Green's attorney contacted the Plan to determine whether Green had an account with the Plan and/or whether Green was entitled to receive Plan benefits. A copy of that letter is attached as Exhibit "C" hereto.

14. By letter dated May 12, 2022, the Plan responded to Green's claim. A copy of that letter is attached as Exhibit "D" hereto. In the letter, the Plan asserted that Green no longer had any Plan benefit as of April 30, 2007. The letter did not reveal what, if anything, happened to Green's deferred vested benefits between 2002 and 2007. The letter also stated that Green had the right to appeal the claim denial.

15. By letter dated May 31, 2022, Green appealed the denial of benefits. A true and correct copy of that letter is attached as Exhibit "E" hereto. In the appeal letter, Green alleged that the IRS notice constituted evidence of the existence of Green's status as a Plan participant, and that the Plan was therefore obligated to reveal what happened to Green's benefits. Green alternatively requested copies of all documents to which Green was entitled. As of the date of the filing of this Complaint, Green has received no response to the appeal. The appeal is therefore

deemed denied.

**FIRST CLAIM FOR RELIEF**

**(Claim for Clarification of Right to Future Plan Benefits)**

16. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 inclusive as though fully set forth herein.

17. ERISA § 502(a)(1)(B) permits a participant in a plan to bring a civil action to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, and/or to clarify rights to future benefits under the terms of a plan. Green has repeatedly requested that the Plan clarify his rights, if any, to future benefits under the Plan. By refusing to address Green's inquiries regarding the disposition of Green's Plan benefits, the Plan has violated ERISA and Green's rights thereunder. Green has accordingly been forced to bring this action in order to clarify Green's rights with respect to Plan benefits.

18. Green is therefore entitled to an Order from this Court directing the Plan to clarify Green's entitlement to Plan benefits, and directing the Plan to pay the reasonable attorney's fees incurred by Green in obtaining this Order from the Court.

**SECOND CLAIM FOR RELIEF**

**(Claim for Plan Benefits)**

19. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 inclusive as though fully set forth herein.

20. ERISA § 502(a)(1)(B) permits a participant in a plan to bring a civil action to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, and/or to clarify rights to future benefits under the terms of a plan. Upon completion of five (5) years of service as a partner of the Firm, Green became vested in the Firm's contributions. Green is informed and believes, and based thereon alleges, that as of Plan year 2002, the Plan maintained deferred vested benefits owed to Green in the amount of $194,750. Based upon this information, which the Plan has not disputed, Green alleges that he is entitled to Plan benefits in the amount of $194,750, plus accrued interest. Green's appeal of the denial of Green's claim for Plan benefits is deemed denied by way of the Plan's failure and refusal to respond to Green's appeal of the denial

BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

of benefits claim. By failing to provide to Green the retirement benefits in which Green is vested under the terms of the Plan, the Plan has violated, and continues to violate, ERISA and the express terms of the Plan.

21. Green is therefore entitled to judgment against the Plan in the amount of the deferred vested benefits held by the Plan on Green's account as of Plan year 2002, plus accrued interest, plus interest at the legal rate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to grant the following relief:

1. Order the Plan to provide, in writing, clarification of Plaintiff's rights to receive future Plan benefits;

2. Order the Plan to pay Plaintiff the full amount of deferred vested benefits due to Plaintiff pursuant to the terms of the Plan, together with prejudgment interest through the date judgment is entered herein;

3. Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g)); and

4. Such other and further relief as the Court deems equitable and just.

Dated: August 12, 2022

**BROTHERS SMITH LLP**

By:____________________
Horace W. Green
Attorneys for Plaintiff
HORACE W. GREEN

EXHIBIT A

Social Security Administration

# Potential Private Retirement Benefit Information

*01010DB5085090*NOTAFP.X3.PLPRINT.S1.R210623.PAM 00000000 0026010635629481483941619479

HORACE W GREEN
179 MENDOSA AVENUE
SAN FRANCISCO CA 94116-1944

Social Security Number:

Name: H. GREEN

We are writing to tell you that you, or the worker whose Social Security number appears at the top of this form, MAY be entitled to some retirement benefits from a private employer. Also, your family, or the worker's family, may be entitled to retirement or survivor benefits.

### These Are Not Social Security Benefits

These potential benefits are NOT Social Security benefits. We do not make any decisions about the payment of these benefits. Please see below for basic information about these retirement benefits.

### Information About Retirement Benefits

You have, or the worker has, earned retirement benefits although no longer employed in a job covered by the retirement plan. These are called "deferred vested benefits." Private retirement plan administrators must provide information about such benefits to us through the Internal Revenue Service. We provide this reported information about the retirement plan when the individual asks for it or when a claim is filed for Social Security benefits. Social Security does not have any information about the benefits other than what appears below.

### If You Want to Apply for These Benefits

If you want to apply for these retirement benefits or have any questions, you should contact the Plan Administrator shown below. The Plan Administrator provided the information as of the date in the "Year Reported" field below. If you or the worker has already filed a claim and received payment from the plan below, you may not be eligible for any additional benefits. Include a copy of this notice when you contact the Plan Administrator.

| Plan Name | Plan Number | |
|---|---|---|
| SEYFARTH SHAW LLP RETIREMENT PLAN FOR PARTNERS<br><br>ORIGINAL PLAN NAME<br>SEYFARTH SHAW | 36-2152202-002 | |
| | Identification Number | |
| | Year Reported<br>2002 | Estimated Amount |
| Plan Administrator and Address<br>SEYFARTH SHAW LLP<br>233 S. WACKER DRIVE, SUITE 8000<br>CHICAGO IL 606060000 | Type of Benefit<br>A | Payment Frequency<br>A |
| | Units or Shares | Value of Account<br>$194,750 |

**IMPORTANT:** See the other side of this page for an explanation of this information

For SSA Use Only: 84037351350023 2021175

Form SSA-L99-C1 (03-20) Destroy prior editions

EXHIBIT B




Reply to:

Horace W. Green
hgreen@brotherssmithlaw.com

July 8, 2021

**VIA E-MAIL BENEFITS@SEYFARTH.COM**

Plan Administrator
Seyfarth Shaw LLP Retirement Plan for Partners
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606

Re: Claim for Retirement Benefits
Your Plan No.: 36-2152202-002

Dear Administrator:

Per the enclosed Notice, the Social Security Administration advises that you have provided information to the Administration indicating that I have deferred vested benefits available to me under the retirement plan set forth above. Please consider this letter to constitute a claim for any and all such benefits to which I am entitled. If any additional information is required in order to perfect my claim, please advise me as to what additional information is required. I look forward to your prompt response.

Very truly yours,

**BROTHERS SMITH LLP**

Horace W. Green

HWG/

Enc.

EXHIBIT C

C. MARK HUMBERT

ATTORNEY AT LAW

C. Mark Humbert
Zhong Lei, Legal Assistant

The Mills Tower
220 Montgomery Street, Suite 1068
San Francisco, California 94104
Landline: (415) 837-5433 Cell Phone: (415) 260-3398
www.lifehealthlaw.com

**C. Mark Humbert**
markh@lifehealthlaw.com

September 21, 2021

Plan Administrator
Seyfarth Shaw LLP Retirement Plan for Partners
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606

Re: My client Horace Wade Green, former Seyfarth Partner

Dear Plan Administrator:

I represent Horace Wade Green, a former partner with Seyfarth Shaw LLP. Mr. Green recently received certain information from the US Social Security Administration indicating that he may have an account with the Seyfarth Shaw LLP Retirement Plan for Partners, or be entitled to benefits from the Plan.

Mr. Green contacted you by letter dated July 8, 2021 regarding the notice he received from the Social Security Administration, and included a copy of that notice. The notice indicated that the Plan had reported in 2002 that Mr. Green had an account balance in the amount of $194,750. By his letter, he also made a claim for benefits, to the extent he is entitled to any such benefits. Enclosed is a copy of that letter and its enclosure.

We need to hear from you whether Mr. Green has an account in the Plan and/or whether he is entitled to benefits from the Plan. I assume there are very simple answers to these questions, and we would appreciate the courtesy of a response.

I look forward to hearing from you soon with respect to this matter.

C. Mark Humbert

Humbert Law Offices

cc: Horace Wade Green, Esq.

EXHIBIT D



Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
T (312) 460-5000
F (312) 460-7000

www.seyfarth.com

May 12, 2022

**VIA E-MAIL**

C. Mark Humbert
Humbert Law Offices
The Mills Tower
220 Montgomery Street, Suite 1068
San Francisco, California 94104

Re: Horace Wade Green, former Seyfarth Partner

Dear Mr. Humbert:

This letter responses to your letter dated September 21, 2021 that Horace Green emailed to us on May 4, 2022, which included Mr. Green's letter dated July 8, 2021 concerning the Social Security Administration ("SSA") Potential Private Retirement Benefit Information Letter ("SSA Letter") which references the Seyfarth Shaw LLP Retirement Plan for Partners (the "Partners Plan"). It is our understanding that Mr. Green is claiming benefits (based on the SSA Letter) under the Partners Plan.

After a thorough review of Mr. Green's claim under the terms of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), we must deny Mr. Green's claim for the reasons described below.

**Background**

Mr. Green is claiming that he is entitled to a benefit under the Seyfarth Shaw LLP Retirement Plan for Partners (the "Partners Plan") based on the SSA Letter. The SSA Letter provides that Mr. Green may be entitled to some retirement benefits from a private employer, and identifies the plan as the Partners Plan.

Before addressing Mr. Green's claim some history regarding the Partners Plan. Schwab became the record keeper for the Partners Plan effective April 30, 2007. Seyfarth merged the Partners Plan into the Seyfarth Shaw LLP 401(k) Savings and Retirement Plan (the "Plan") effective August 29, 2017.

**Analysis of Claim and Decision**

We have completed a thorough search of the records for the Partners Plan and the Plan to determine whether or not Mr. Green remains entitled to any additional benefits. According to the Partner Plan records, Mr. Green no longer had any benefit under the Partner Plan on April 30, 2007 when Schwab became that plan's record keeper. Further, the Plan's records do not





indicated that Mr. Green is entitled to any benefit under that Plan. As a result, Mr. Green is no longer entitled to any benefit under the Plan (as successor to the Partners Plan).

**Right to Appeal**

This letter constitutes a denial of Mr. Green's claim for benefits under the Plan (as successor to the Partners Plan). If Mr. Green still believes that he is entitled to a benefit under the Plan (as successor to the Partners Plan), he is entitled to appeal this denial and should submit any documentation he has supporting his claim to a benefit under the Plan (as successor to the Partners Plan). Any such request must be made in writing and submitted to the Plan Administrator no later than 60 days after the date of this letter. The request for review should set forth all grounds on which the request for review is based and any facts supporting those grounds. Mr. Green may submit written comments, documents, records and other information relating to the claim for review by the Plan Administrator. If Mr. Green chooses to appeal the denial of his claim, the request for review of the denial should be sent to the following address:

Plan Administrator of the Seyfarth Shaw LLP Savings and Retirement Plan
c/o Ms. Nicole A. Brown
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-0000
benefits@seyfarth.com

Mr. Green is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claim. Mr. Green will have the right to bring a civil action under ERISA Section 502(a) if his appeal is denied.

Very truly yours,

SEYFARTH SHAW LLP

EXHIBIT E




Reply to:

Horace W. Green
hgreen@brotherssmithlaw.com

May 31, 2022

**VIA FIRST CLASS MAIL**

Plan Administrator of the Seyfarth Shaw LLP Savings And Retirement Plan
c/o Ms. Nicole A. Brown
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-0000

Re: Appeal of Denial of Benefits Claim - Horace W. Green

Dear Administrator:

This letter is an appeal of the denial of Horace W. Green's claim for benefits under the Seyfarth Shaw LLP Retirement Plan for Partners. The appeal is based on the following facts, which are not disputed:

1. Seyfarth Shaw created the Seyfarth Shaw Retirement Plan for Partners (EIN 36-2152202) effective March 1, 1975. The Plan existed continuously until August 29, 2017, when it was merged into the Seyfarth Shaw LLP 401(k) savings and retirement plan.

2. The Plan was a non-contributory deferred benefit plan. Seyfarth contributed money into accounts for each partner. The benefits were vested. The participants were entitled to a lump sum single payment of the account balance upon reaching retirement age. According to the Form 5500 that the Plan filed in 2009, the Plan included both active participants and retired or separated participants entitled to future benefits. In other words, resigning from the Firm prior to retirement did not cause participants to lose entitlement to future benefits upon reaching retirement age.

3. Horace W. Green was a partner in Seyfarth from 1992 through December 31, 2000. During that time frame, under the terms of the Plan, Mr. Green was a Plan participant and Seyfarth made contributions into an account created for Mr. Green's benefit. Mr. Green's entitlement to these contributions vested at the time they were earned, but was not realized for tax purposes until received upon retirement.

4. In 2002, the Plan reported to the IRS that it held an account for Mr. Green in the amount of $194,750. Having reported this account to the Plan, and having avoided paying income tax on this amount, the Plan cannot now deny that the account existed as late as December 31, 2002.

5. Mr. Green has no record of having received this amount, either as a distribution or as a rollover. That is consistent with the terms of the Plan, which provided that the account balance is only distributed upon a partner or a former partner reaching retirement age.

6. Mr. Green reached retirement age in July 2021. Mr. Green submitted a claim for Plan benefits, based upon notice from the Social Security Administration of Mr. Green's account with the Plan.

7. The Plan based its denial of Mr. Green's claim on the fact that Schwab has no record of Mr. Green's account. This is an insufficient basis for denial in the absence of evidence that the Plan either distributed Mr. Green's account to him or otherwise disposed of it in accordance with the terms of the Plan. When a participant has made out a prima facie case of entitlement to benefits but lacks the key information to substantiate the claim, the burden shifts to the Plan to produce such information. An employer cannot escape liability for failure to pay benefits due by hiding behind its failure to maintain statutorily required records. *Estate of Barton v. ADT Sec. Serv. Pension Plan,* 820 F.3d 1060 (9th Cir. 2016). Mr. Green contends that the Potential Private Retirement Benefit Information provided by the Social Security Administration constitutes prima facie evidence of entitlement to Plan benefits, and shifts the burden to the Plan of proving that Mr. Green is not entitled to such benefits. In the absence of such evidence, Mr. Green maintains that he is entitled to distribution of his account.

For the reasons set forth above, Mr. Green appeals the denial of his claim. In the event that the denial is upheld, this letter also constitutes a request for delivery of all records to which Mr. Green is entitled under 90 U.S.C. § 1024(b)(4).

Very truly yours,

**BROTHERS SMITH LLP**

Horace W. Green

HWG/